IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| FROYLAN DOMINGUEZ-AGUIRRE, §<br>    #56254-177                §<br>                                  §        CIVIL ACTION NO. 4:22cv818<br>VS.                              §     CRIMINAL ACTION NO. 4:17cr203(24)<br>                                  §<br>UNITED STATES OF AMERICA  § | |

**<u>MEMORANDUM OPINION AND ORDER</u>**

*Pro se* Movant Froylan Deominguez-Aguirre filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255.[1] (Dkt. #1). After certain mail to Movant was returned as undeliverable (Dkt. #3), the assigned Magistrate Judge issued a Report and Recommendation (Dkt. #4) on January 10, 2023, recommending the § 2255 motion be dismissed without prejudice for want of prosecution pursuant to Federal Rule of Civil Procedure 41(b). No objections having been filed, the Court adopted the Report and Recommendation and entered Final Judgment accordingly on March 10, 2023. (Dkt. ##5, 6).

On March 13, 2023, Movant filed objections to the Report and Recommendation.[2] (Dkt. #7). In the objections, Movant stated that the mail (Dkt. #3) was returned to the Court in error as he was in fact incarcerated at USP Atlanta and had not been moved or transferred to another facility. (Dkt. #7). Additionally, Movant stated that he received the Report and Recommendation on March 7, 2023, and he submitted documentation from the Bureau of Prisons ("BOP")

---

[1] The motion was not submitted on the standardized § 2255 motion to vacate, set aside, or correct sentence form that has been adopted by the Court.

[2] The objections were dated March 13, 2023, and the Clerk of Court docketed the objections on March 17, 2023. (Dkt. #7).

confirming his statement. (Dkt. #7-1). The BOP Memorandum dated March 12, 2023 states that Movant "was not able to respond[] to the courts due to his legal mail just been received March 7, 2023 at Institution." (Dkt. #7-1). Movant requested that the Report and Recommendation be "denied and rescinded." (Dkt. #7, p. 3). On April 11, 2023, Movant filed a motion for reconsideration pursuant to Federal Rule of Civil Procedure 59(e). (Dkt. #8). For the same reasons explained in his objections (Dkt. #7), Movant requests that the Order of Dismissal and Final Judgment be vacated. (Dkt. #8, p. 2).

The Court construes the Rule 59(e) motion as a motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b), as it was filed more than twenty-eight days after entry of the final judgment. *See Demahy v. Schwarz Pharma, Inc.*, 702 F.3d 177, 182 n.2 (5th Cir. 2012). Pursuant to Rule 60(b), the Court "may relieve a party or its legal representative from a final judgment, order, or proceeding" for reasons of "mistake, inadvertence, surprise, or excusable neglect," or "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(1), (6). The record indicates that the mailing (Dkt. #3) from the Court was returned undeliverable due to a mistake by the BOP and USP Atlanta. The record also indicates that Movant did not receive the Report and Recommendation until almost two months after it was issued—and three days before Final Judgment was entered—due to no fault of Movant. (Dkt. #7-1). Given the consequences inherent in returned mail and Movant's failure to timely receive a copy of the Report and Recommendation, the Court finds basis in Rule 60(b) to grant the requested relief and will therefore vacate its Order of Dismissal (Dkt. #5) and Final Judgment (Dkt. #6) and withdraw the Report and Recommendation (Dkt. #4).

The Court notes that the records within the BOP reveal that Movant was released from prison on November 22, 2023. Movant, however, has failed to file an updated mailing address, which is required. As such, Movant is directed to provide the Court with a notice of change of address reflecting his current physical address at which he is able to receive mail from the Court.

It is accordingly **ORDERED** Movant's motion for reconsideration (Dkt. #8) is **GRANTED**. The Clerk of Court is **ORDERED** to **VACATE** the Order of Dismissal (Dkt. #5) and Final Judgment (Dkt. #6) entered on March 10, 2023, and restore this case to the active docket.

It is further **ORDERED** the Report and Recommendation (Dkt. #4) is **WITHDRAWN**.

It is also **ORDERED** that within fourteen (14) days from receipt of the Order, Movant shall provide the Clerk of Court with a notice of change of address reflecting his current physical mailing address.

It is additionally **ORDERED** the Clerk of Court send a standard § 2255 form to Movant.

It is finally **ORDERED** Movant has thirty (30) days from the receipt of this Order to complete the § 2255 form fully and legibly, sign it, and submit it to the Court, keeping in mind that the motion may not exceed thirty pages. *See* Local Rule CV-3.

Movant is placed on notice that the case may be dismissed if he fails to timely comply with this Order.

**SIGNED this 29th day of July, 2024.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE